IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS EARL GREER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-21-10-R |
| | ) |
| THE STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell. On February 9, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the Petition be dismissed because the Court lacks jurisdiction, as Petitioner previously filed a § 2254 Petition and had not received permission from the United States Court of Appeals to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A). (Doc. No. 9). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation (Doc. No. 12), which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted such review, the Court finds as follows.

In his objection Petitioner notes the language in the Report and Recommendation that he had apparently not sought authorization from the Tenth Circuit before filing a successive § 2254. Petitioner thereafter filed a motion with the Tenth Circuit seeking such

authorization.¹ It is not sufficient for a petitioner to request authorization from the Court of Appeals. Rather, that court must grant him permission before this Court has jurisdiction to consider the merits of any petition Mr. Greer may file seeking to challenge his conviction in Case No. CF-1998-470, District Court of Comanche County. He is correct that Judge Purcell did not address the merits of his Petition, and the undersigned also will not address the merits, because the Tenth Circuit has not given Mr. Greer permission to file the petition.² As set forth in the Report and Recommendation, the petition must be dismissed.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. When, as here, the Court's adverse decision rests on procedural grounds, the Court will not issue a certificate of appealability unless Petitioner shows: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [ (2) ] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, upon review, finds that Mr. Greer cannot make this showing. Therefore, the Court denies a certificate of appealability.

---

¹ When faced with an unauthorized second or successive § 2254 petition, this Court has two choices. It may dismiss the petition for lack of jurisdiction, or if it is in the interest of justice, it may transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See, In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Because Petitioner filed a motion seeking authorization on February 26, 2021, the Court declines to transfer the petition.

² Mr. Greer's first petition under § 2254 was dismissed as untimely and he did not appeal the Court's decision. His repeated imploring of the Court to consider the merits of his petition is not possible in the current procedural posture of his case. Because Mr. Greer did not have permission to file this petition this Court lacks jurisdiction to consider the merits of the petition. If the Tenth Circuit grants him authorization, he may refile his petition and the Court will consider the merits thereof.

For the reasons set forth herein, the Petition is DISMISSED FOR LACK OF JURISDICTION. The Report and Recommendation is ADOPTED.

**IT IS SO ORDERED** this 4th day of March 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE